UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICTORIA GONZALEZ,

    Plaintiff,

v.

                                Case No.:
                                Division.:

ROCKWATER DEVELOPMENT, LLC,
a Florida limited liability company, d/b/a
The Outpost Neighborhood Kitchen, and
JULIE CASEY, individually,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, VICTORIA GONZALEZ ("Gonzalez"), by and through undersigned counsel, and hereby files her Complaint and Demand for Jury Trial against Defendants, ROCKWATER DEVELOPMENT, LLC, ("Rockwater"), a Florida limited liability company, d/b/a The Oupost Neighborhood Kitchen, and JULIE CASEY ("Casey"), individually, (collectively "Defendants"), and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in the United States District Court, Orlando Division, is proper pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as amended, for violations of the FLSA including retaliation and unpaid minimum wages, an additional equal amount of liquidated damages, an award of reasonable attorney's fees, and costs. 29 U.S.C. §216(b).

2. This Court has original jurisdiction to hear the below minimum wage claims and to adjudicate those claims pursuant to 29 U.S.C. §1331. This Court has supplemental jurisdiction to hear the state law wage claim and to adjudicate that claim pursuant to 29 U.S.C. §1367.

3. Venue is proper in this Court, as a substantial part of the events and/or omissions giving rise to the asserted claims below occurred in this judicial district. 28 U.S.C. §1391(b)(2).

## PARTIES

4. At all times material to this action, Plaintiff Gonzalez was, and continues to reside in Orlando, Orange County, Florida, within the Middle District of Florida. At all times material to this action, Plaintiff was employed by Defendants.

5. At all times material to this action, Defendant, Rockwater, was, and is, a Florida limited liability company, and is engaged in business in Florida, with a principal place of business in Orlando, Orange County, Florida, also in the Middle District of Florida. Defendant Rockwater was, and is, an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

6. At all times material to this action, Defendant Casey was, and continues to reside in Orange County, Florida, within the Middle District of Florida. Defendant Casey acted directly and individually in the interest of Rockwater, including having significant ownership of the company, exercising day-to-day operational control, and being involved in the supervision and payment of employees including Plaintiff concerning her

2

employment. Defendant Casey was, and is, an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

7. At all times material to this action and within the relevant time period, Defendants were an enterprise engaged in interstate commerce within the meaning of the FLSA as they had employees who engaged in such commerce and had gross annual revenue in each relevant year that totaled $500,000 or more.

## **STATEMENT OF FACTS**

8. In approximately June 2019, Defendants hired Plaintiff to work as a server and host for them at The Outpost Neighborhood Kitchen restaurant in Orlando, Florida. Plaintiff was hourly and/or tips.

9. Defendants were to pay Ms. Gonzalez $5.58 per hour plus tips when she worked as a server and $10.00 per hour when she worked as a host.

10. However, Defendants failed to compensate her with proper minimum wages for all hours worked in several workweeks as required by the FLSA or even her regular wages.

11. Pay records reflecting compensation paid to Plaintiff are in the possession of Defendants.

12. Specifically, on two occasions in August 2019, Defendants issued Ms. Gonzalez paychecks for work performed through the payroll account that were insufficient and returned by the financial institution.

13. Defendants have failed to properly pay Ms. Gonzalez her earned wages including minimum wages.

14. Defendants reissued the payroll checks on a number of occasions with each again being returned, including the last dishonored check dated August 27, 2019, and returned as having insufficient funds on September 5, 2019. To date Ms. Gonzalez's wages for her work have not been paid.

15. On September 6, 2019, Ms. Gonzalez again complained to Defendants that she had not been paid.

16. Defendants, in retaliation of Ms. Gonzalez's complaining about their failure to pay her wages including even minimum wages, terminated Ms. Gonzalez from employment and refused to pay her final payroll check for pay period August 18 through 31, 2019.

17. As a direct and proximate cause of Defendants' willful failure to pay wages, Plaintiff has been damaged in the loss of minimum and regulat wage compensation for one or more weeks of work with Defendants.

18. Defendants' failure to properly compensate Plaintiff her earned minimum and regular wages was willful.

19. Plaintiff has retained undersigned attorney to represent her in this litigation.

## COUNT I
## UNPAID MINIMUM WAGES AGAINST DEFENDANTS

20. Plaintiff realleges and incorporates paragraph 1 through 19 of her Complaint, as if fully set forth herein.

21. Plaintiff is entitled to be paid minimum wages for each hour worked in each workweek during her employment with Defendants.

22. Defendants failed to pay Plaintiff her earned minimum wages for each hour she worked in various workweeks in July and August 2019.

23. Defendants knew that they were not paying required minimum wages to Plaintiff.

24. Defendants willfully failed to pay Plaintiff minimum wages for one or more weeks of work in violation of 29 U.S.C. § 206.

25. As a direct and proximate cause of Defendants' deliberate failure to pay minimum wages, Plaintiff has been damaged in the loss of unpaid minimum wages for one or more weeks of work with Defendants.

26. Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff VICTORIA GONZALEZ requests judgment to be entered in her favor and against Defendants ROCKWATER DEVELOPMENT, LLC and JULIE CASEY for actual unpaid minimum wages, liquidated damages, as well as costs and attorney's fees pursuant to 29 U.S.C. §216(b), and such other relief deemed proper by this Court.

## COUNT II
## UNPAID STATE MINIMUM WAGES AGAINST DEFENDANTS

27. Plaintiff realleges and incorporates paragraph 1 through 19 of her Complaint, as if fully set forth herein.

28. Plaintiff is entitled to be paid state required minimum wages for each hour worked in each workweek during her employment with Defendants.

29. Defendants failed to pay Plaintiff her earned minimum wages for each hour she worked in various workweeks in July and August 2019.

30. Defendants knew that they were not paying required minimum wages to Plaintiff.

31. Plaintiff has satisfied all conditions precedent to the filing of this action.

32. Defendants willfully failed to pay Plaintiff minimum wages for one or more weeks of work in violation of Fla. Stat. §448.110 and sec. 24, Art. X of the State Constitution..

33. As a direct and proximate cause of Defendants' deliberate failure to pay minimum wages, Plaintiff has been damaged in the loss of unpaid state required minimum wages for one or more weeks of work with Defendants.

34. Plaintiff is entitled to an award of an additional equal amount for liquidated damages as well as reasonable attorney's fees and costs.

WHEREFORE, Plaintiff VICTORIA GONZALEZ requests judgment to be entered in her favor and against Defendants ROCKWATER DEVELOPMENT, LLC and JULIE CASEY for actual unpaid minimum wages, liquidated damages, as well as costs and attorney's fees pursuant to 29 U.S.C. §216(b), and such other relief deemed proper by this Court.

## COUNT III
## UNPAID WAGES AGAINST ROCKWATER DEVELOPMENT, LLC

35. Plaintiff realleges and incorporates paragraph 1 through 19 of her Complaint, as if fully set forth herein.

36. Plaintiff was an employee for Defendant from June 2019 to September 6, 2019, and earned wages throughout her employment with Defendant.

37. Defendant failed to pay Plaintiff her earned wages for every hour she worked in various workweeks in violation of Florida common law.

38. Plaintiff has satisfied all conditions precedent to the filing of this action.

39. As a direct and proximate cause of Defendant's deliberate failure to pay Plaintiff her earned regular wages, Plaintiff has been damaged in the loss of those unpaid wages.

40. Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff VICTORIA GONZALEZ requests judgment to be entered in her favor and against Defendant ROCKWATER DEVELOPMENT, LLC, for actual unpaid wages, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

## COUNT IV
## RETALIATION AGAINST DEFENDANTS

41. Plaintiff realleges and incorporates paragraph 1 through 19 of her Complaint, as if fully set forth herein.

42. On September 6, 2019, after not receiving proper wages including minimum wages, due to repeated insufficient funds returned payroll check, Plaintiff complained to Defendants.

43. As such, Plaintiff engaged in a protected activity under the FLSA pursuant to 29 U.S.C. §215(a)(3).

44. Immediately following her complaint, Defendants terminated her employment.

45. Defendants had no basis for the termination other than to retaliate against Plaintiff for complaining about the failure to be paid wages including minimum wages.

46. Additionally, the close temporal proximity between Plaintiff's protected activity and the adverse employment action establish the required causal connection to prove illegal retaliation.

WHEREFORE, Plaintiff VICTORIA GONZALEZ requests judgment to be entered in her favor and against Defendants ROCKWATER DEVELOPMENT, LLC and JULIE CASEY for compensatory damages including emotional distress, lost wages both past and future, an additional equal amount as liquidated damages, as well as costs, and attorney's fees pursuant to 29 U.S.C. §216(b), and such other relief deemed proper by this Court.

## COUNT V
## VIOLATION OF FLA. STAT. §68.065 AGAINST ROCKWATER DEVELOPMENT, LLC

47. On August 27, 2019, Defendant executed a written order for the payment of $391.62, commonly called a check, payable to the order of Plaintiff and delivered it to Plaintiff. A copy of said check being attached hereto as **Exhibit "A"** and incorporated herein by reference.

48. The check was presented for payment to the drawee bank but payment was refused.

49. Plaintiff holds the check and it has not been paid.

50. All conditions precedent have been satisfied, including providing the statutory required notice which was sent via certified mail to Defendant, a copy of such notice and certified mail receipt being attached as **Exhibit "B"** and incorporated herein by reference.

51. Plaintiff has incurred bank fees of $15.00, a copy of such fees being attached hereto as **Exhibit "C"** and incorporated herein by referenced.

52. Thirty days have expired since the notice to Defendant without payment by the Defendant permitting the Plaintiff now to seek triple damages.

WHEREFORE, Plaintiff VICTORIA GONZALEZ requests judgment to be entered in her favor and against Defendant ROCKWATER DEVELOPMENT, LLC, for three times the amount of the dishonored instrument, bank fees, reasonable attorney's fees, and court costs incurred by the Plaintiff in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues so triable.

Dated this the 17 day of February, 2020.

/s/ Richard W. Smith
RICHARD W. SMITH, ESQUIRE
Florida Bar No.: 0013943
NEJAME LAW, P.A.
189 South Orange Ave, Suite 1800
Orlando, FL 32801
Telephone: (407) 500-0000
richard@nejamelaw.com
Attorney for Plaintiff

*263181368*
09/05/2019
8020010400

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON -

NSF

[263181368] 08/30/2019
80000052110

---

WARNING: THIS DOCUMENT HAS SECURITY FEATURES IN THE PAPER

**OUTPOST** NEIGHBORHOOD KITCHEN

Rockwater Development
2603 Edgewater Dr.
Orlando, FL 32804
407.930.6282
Payroll Account

Chase
2424 Edgewater Dr.
Orlando, FL 32804

5252
12-3456 / 7890

NSF

DATE  8/27/19

PAY TO THE ORDER OF  Victoria C Gonzalez                                   $ **391.62

Three hundred ninety-one Dollars & 62 Cents************************************  DOLLARS

VOID AFTER 90 DAYS

MEMO _____                    _____
                                                AUTHORIZED SIGNATURE

⑈005252⑈ ⑆267084131⑆ 365609590⑈

⑈005252⑈           ⑆267084131⑆   365609590⑈                    ⑈00000391627⑈



EXHIBIT "A"



NeJame Law, P.A.
189 South Orange Avenue
Suite 1800
Orlando, FL 32801
407.500.0000

www.nejamelaw.com

December 5, 2019

Julie Casey, Manager
Rockwater Development, LLC
d/b/a/ Outpost Neighborhood Kitchen
2603 Edgewater Drive
Orlando, FL 32804

Re: Victoria Gonzalez

You are hereby notified that a check, draft, order of payment, debit card order, or electronic funds transfer numbered 5252 in the face amount of $391.62 issued by you on August 27, 2019, drawn upon Chase Bank, and payable to Victoria C. Gonzalez, has been dishonored. Pursuant to Florida law, you have 30 days from receipt of this notice to tender payment in cash of the full amount of the dishonored payment instrument, plus a service charge of $25 if the face value does not exceed $50, $30 if the face value exceeds $50 but does not exceed $300, $40 if the face value exceeds $300, or 5 percent of the face amount of the dishonored instrument, whichever is greater, the total amount due being $431.62. Unless this amount is paid in full within the 30-day period, the holder of the dishonored payment instrument may file a civil action against you for three times the amount of the dishonored instrument, but in no case less than $50, in addition to the payment of the dishonored instrument plus any court costs, reasonable attorney fees, and any bank fees incurred by the payee in taking the action.

Sincerely,

Richard W. Smith



EXHIBIT "B"

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Julie Casey, Manager
Rockwater Development LLC
d/b/a Outpost Neighborhood Kitchen
2603 Edgewater Drive
Orlando, FL 32804

9590 9402 5027 9063 4869 74

2. Article Number *(Transfer from service label)*

7014 1820 0000 9895 6895

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X *[signature]*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .50 |
| Certified Fee | 3.45 |
| Return Receipt Fee (Endorsement Required) | 2.80 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.75 |

Postmark Here
12-5-19

Sent To: Julie Casey, Manager Rockwater Development LLC dba Outpost Neighborhood Kitchen
Street & Apt. No., or PO Box No.: 2603 Edgewater Drive
City, State, ZIP+4: Orlando, FL 32804

PS Form 3800, July 2014    See Reverse for Instructions

7014 1820 0000 9895 6895

# USPS Tracking®

FAQs >

Track Another Package +

Track Packages
Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

Learn More (https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Tracking Number:** 70141820000098956895

Remove ✕

Your item was delivered to an individual at the address at 11:40 am on December 7, 2019 in ORLANDO, FL 32804.

## ✓ Delivered

December 7, 2019 at 11:40 am
Delivered, Left with Individual
ORLANDO, FL 32804

Get Updates ∨

---

**Text & Email Updates** ∨

**Tracking History** ∨

**Product Information** ∨

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

Date    09/05/19
Account ███████

Victoria C. Gonzalez
1901 Valencia Road
Orlando, FL 32803-

RETURN DEPOSIT ITEM NOTICE

The item(s) listed below was recently deposited into your account and is being returned for the reason(s) listed below. Your account will be charged the amount of the item as well as the appropriate fee.

AMOUNT     RETURN REASON                           FEE AMOUNT CHARGED
$    391.62 - NSF                                  $      15.00

For your account protection, membership restrictions may be placed on your account(s) limiting account services including debit card privileges to safeguard your account from any losses.

If you have any questions, please visit your local Service Center or contact Member Services at (407)277-5045.



EXHIBIT "C"