UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VICTORIA GONZALEZ,**

         **Plaintiff,**

**v.**                                       **Case No:   6:20-cv-270-Orl-41EJK**

**ROCKWATER DEVELOPMENT, LLC**
**and JULIE CASEY,**

         **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This cause comes before the undersigned, referred from the Court, on Plaintiff's Second Renewed Motion for Default Judgment ("the Motion") against Defendants. (Doc. 24.) For the reasons set forth below, I respectfully recommend that the Motion be granted in part.

## I.      BACKGROUND

Plaintiff instituted this action against Defendants Rockwater Development, LLC ("Rockwater"), and Julie Casey, alleging that they violated the minimum wage and retaliation provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, Florida's unpaid minimum wage provision, Florida Statute § 448.110, and unpaid wages under Florida common law. (Doc. 1.) Plaintiff also seeks damages for Defendants' issuance of a worthless check. (*Id.*) On March 3, 2020, Plaintiff perfected service on both Defendants. (Docs. 14, 15.) As neither Defendant timely answered or otherwise responded, clerk's defaults were entered against both Defendants. (Docs. 18, 19.) After filing two motions for default judgment that failed to comply with the Local Rules (Docs. 20, 22), Plaintiff filed the instant Motion, containing a memorandum of law to support her motion for default judgment (Doc. 24).

In the Complaint, Plaintiff alleges that she worked as a server for Defendants from June 2019 through August 2019. (*Id.* ¶¶ 8, 16.) On two occasions in August 2019, Defendants allegedly issued paychecks to Plaintiff that were rejected by Plaintiff's financial institution for insufficient funds. (*Id.* ¶ 12.) As a result, Plaintiff incurred a $15 penalty. (*Id.* ¶ 51.) After Plaintiff informed Defendants that the checks did not clear, they allegedly retaliated against her by refusing to compensate her for work done from August 18, 2019, to August 31, 2019. (*Id.* ¶¶ 15–16.)

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition to stating a plausible claim for relief, the movant must ensure that the court has jurisdiction over the parties. *Schwartz v. Fontana*, Case No. 8:16-cv-914-T-30AAS, 2016 WL 4272213, at *2 (M.D. Fla. Aug. 15, 2016). "All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which

relief may be granted." *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## III.   DISCUSSION

### A.  Personal Jurisdiction[1]

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendants. Federal Rule of Civil Procedure 4(k)(1)(A) provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. . . ." In addition to adequate service of process, the party moving for default judgment must demonstrate that a court has jurisdiction over the parties. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court must assure itself of jurisdiction over the action and the parties."). This requires a showing that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law." *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003).

In the Complaint, Plaintiff alleges that Rockwater is an LLC organized under the laws of Florida and Casey resides in Orange County, Florida. (Doc. 1 ¶¶ 5–6.) Plaintiff also alleges that Casey has a significant ownership interest in Rockwater and controlled the day-to-day operations. (*Id.* ¶ 6.) The undersigned finds that there is personal jurisdiction over Rockwater, as it is a citizen

---

[1]  The undersigned previously found that service of process was perfected on Defendants. (Docs. 17.) As such, this report and recommendation will not reiterate its findings regarding service of process on these Defendants.

of the state of Florida, and thus subject to suit in Florida.

However, Plaintiff alleges only that Casey resides in Florida, not that she is a citizen of Florida. For an individual, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction . . . . And domicile requires both residence in a state and 'an intention to remain there indefinitely[.]'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt,* 293 F.3d 1254, 1257–58) (11th Cir. 2002)). "Residence alone is not enough" to establish the citizenship of an individual. *Travaglio*, 735 F.3d at 1269 (citing *Denny v. Pironi*, 141 U.S. 121, 122 (1891)). Without any information as to Casey's domicile, the Court cannot ascertain whether she is citizen of Florida, and thus whether the Court has personal jurisdiction over her pursuant to Rule 4(k)(1)(A). However, Florida's long arm statute could also provide personal jurisdiction over Casey.

"'A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "The exercise of jurisdiction must: (1) be appropriate under the state long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *HostLogic Zrt. v. GH Int'l, Inc.*, No. 6:13-cv-982-Orl-36, 2014 WL 2968279, at \*5 (M.D. Fla. June 30, 2014) (citing *Diamond Crystal Brands*, 593 F.3d at 1257–58). Florida's long-arm statute provides personal jurisdiction over anyone who conducts, operates, engages in, and carries on business in Florida. Fla. Stat. 48.193(1)(a).

Here, Plaintiff alleges that Casey manages the day to day operations of Rockwater, including the supervision and payment of employees. (Doc. 1 ¶ 6.) These acts would subject Casey

to personal jurisdiction under Florida's long-arm statute. Fla. Stat. § 48.193(1)(a). Moreover, the undersigned finds that an exercise of jurisdiction would not violate the Due Process Clause because Plaintiff's claims arise out of Casey's contacts with Florida, i.e., the management of Rockwater's employees. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Therefore, I respectfully recommend that the Court find that there is personal jurisdiction over Defendants.

### B.  Venue

Plaintiff alleges that venue is appropriate in the Middle District of Florida because a substantial portion of the events giving rise to her claims occurred in in this District. (Doc. 1 ¶ 3.) This is corroborated by her allegations that she worked for Defendants as a host and server at their restaurant, The Outpost Neighborhood Kitchen Restaurant, in Orlando, Florida. (*Id.* ¶ 8.) Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." It is evident that the events giving rise to this action occurred in one of the counties served by the Orlando division. As such, the undersigned finds that venue is appropriate.

### C.  Subject Matter Jurisdiction

Plaintiff alleges that there is federal question jurisdiction over her FLSA claims and supplemental jurisdiction over her state law claims. (Doc. 1, ¶ 2.) Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *U.S. Bank Nat'l Ass'n v. Windsor*, No. 6:15-cv-1895-Orl-41GJK, 2016 WL 3166851, at *2 (M.D. Fla. Mar. 14, 2016), *report and recommendation adopted*, 2016 WL 3144143 (M.D. Fla. June 6, 2016). "The presence or absence of federal question jurisdiction is governed by the 'well-

pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint.").

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a court may decline from exerting supplemental jurisdiction if the state law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." *Id.* § 1367(c)(2).

Here, Plaintiff brings claims arising under the FLSA, which is federal law, thus the Court has federal question jurisdiction. Further, her state law claims for unpaid wages and issuing a bad check arise out of her employment with Defendants, which is also the basis her FLSA claim. The undersigned finds because the state law claims arise out of the same controversy as the FLSA claim, the Court has supplemental jurisdiction over the state law claims.

**D.  Entitlement to Default Judgment and Damages**

### i.    *Plaintiff Has Established a Claim Under the FLSA (Count I)*

For Count I, Plaintiff alleged that Defendants failed to pay her any wages for various work weeks in July and August 2019, which violates the FLSA minimum wage provision. (Doc. 1, ¶¶ 20–26.) The FLSA establishes minimum wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(b), 207(b). "To trigger

liability under the FLSA's minimum wage provisions, . . . [P]laintiff must show: (1) an employee-employer relationship exists between [her and Defendants], and (2) [s]he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019). "To state a claim for failure to pay minimum (or overtime) wages under the FLSA, . . . [P]laintiff must demonstrate that (1) [s]he is employed by . . . [D]efendant[s], (2) . . . [D]efendant[s] engaged in interstate commerce, and (3). . . [D]efendant[s] failed to pay h[er] minimum . . . wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

The FLSA requires that an employee receive no less than a minimum rate of $ 7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(c). Any employer who violates the FLSA's minimum wage provision is "liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between her and Defendants. She alleges that she was employed by Rockwater and Casey as a server and host at the Outpost Neighborhood Kitchen from June 2019 to September 2019. (Doc. 1 ¶¶ 8, 36.) She also alleges that Casey: "acted directly and individually in the interest of Rockwater, including having significant ownership of the company, exercising day-to-day operational control, and being involved in the supervision and payment of employees including Plaintiff concerning her employment." (*Id.* ¶ 6); *See Elwell v. Pierce N Tell, LLC*, 2014 U.S. Dist. LEXIS 192611, 2014

WL 12617813, at *2 (M.D. Fla. Mar. 6, 2014) (citing *Patel v. Wargo*, 803 F. 2d 632, 638 (11th Cir. 1986)) (holding that allegations about a company's owner who engaged in the day to day operations of the business and had direct supervisory responsibility over plaintiff were sufficient to state a cause of action under the FLSA against an individual and company).

With respect to the coverage element, "a plaintiff employee much establish one of two types of coverage under the FLSA: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Brothers, Inc.*, 2014 U.S. Dist. LEXIS 198755, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244-45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006)). "An employer falls within the FLSA's enterprise coverage if it meets two requirements: (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or done,'" which is in excess of $500,000. *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)).

In the Complaint, Plaintiff alleges that Rockwater meets enterprise coverage because it had annual gross revenue that totaled $500,000 or more and was engaged in interstate commerce within the meaning of the FLSA as they had employees who engaged in such commerce. (Doc. 1, ¶ 7.) Additionally, as a server, Plaintiff and other employees allegedly processed credit card transactions, which required the use of telephone and internet services from out-of-state providers. (Doc. 24 at 11.) Accepting these allegations as true, I find they sufficiently demonstrate enterprise coverage.

To support her FLSA minimum wage claim, Plaintiff alleges that Defendants failed to pay her minimum wages for each hour she worked in various workweeks. (Doc. 1, ¶¶ 12–17.) Namely, Defendants refused to pay Plaintiff her final check for hours worked from August 18, 2019, to August 31, 2019. (*Id.* ¶¶ 14–15.) I recommend that the Court find that these well-pleaded allegations demonstrate that the Defendants failed to pay Plaintiff minimum wages as required by the FLSA.

Having established a violation of § 206, Plaintiff is entitled to an award of damages, consisting of her unpaid minimum wages and an equal amount of liquidated damages. *See* 29 U.S.C. § 216(b). In support of her damages, Plaintiff attests in her Declaration that she was not paid her final wages in the amount of $405.25. (Decl., Doc. 24, ¶ 8.) Plaintiff states that she is aware of the amount due from her final paycheck because the Defendants reported the amount through an app. (*Id.*) After reviewing the evidence presented, I recommend that the Court find that Plaintiff is entitled to actual damages in the amount of $405.25 and equal amount of liquidated damages in the amount $405.25, amounting to a total of $810.50 for her FLSA minimum wage claim.

### ii. *Plaintiff Does Not Establish a Claim Under the Florida Minimum Wage Act (Count II)*

For Counts II and III, Plaintiff brings claims for unpaid state minimum wages (Count II) and unpaid wages (Count III) under the Florida Minimum Wage Act ("FMWA").[2] The FMWA "incorporates the exemptions and restrictions in sections 213 and 214 of the FLSA 'as interpreted by applicable federal regulations and implemented by the Secretary of Labor.'" *Kwasnik v. Charlee Fam. Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, at

---

[2] The undersigned notes that Count III is redundant, as Plaintiff is already bringing a claim for unpaid minimum wages under the FMWA.

*4 (M.D. Fla. June 9, 2009) (quoting Fla. Stat. § 448.110). Thus, to state a claim under the FMWA, Plaintiff must establish that she

> was employed by an employer covered by the FLSA during the period involved; that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by law.

*Id.* Unlike the FLSA, the FMWA requires notice prior to suit.

> Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or a party violating subsection (5). However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stat. § 448.110(6)(a)

Here, Plaintiff does not allege or otherwise provide the undersigned with information demonstrating that she satisfied the condition precedent, i.e., the notice, to initiate a suit under FMWA. Though the Complaint alleges that "Plaintiff has satisfied all conditions precedent to the filling of this action" (Doc. 1, ¶ 31), it does not contain sufficient factual allegations for the undersigned to conclude that § 448.110(6)(a) was satisfied.

### iii.    *Plaintiff Is Not Entitled to Damages for Unpaid Wages Under Florida Common Law (Count III)*

Under Florida law, "unpaid wages" is a "[t]erm [that] should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed." *Elder v. Islam*, 869 So. 2d 600, 602 (Fla 5th DCA 2004).

As discussed *supra*, Plaintiff alleges that she was not compensated for various work during her employment with Defendants. However, she cannot collect damages under the FMWA if she recovers her unpaid minimum wages damages under the FLSA. *See Grantham v. Bayside Bus. Enters.*, No. 8:16-cv-2146-T-27TGW, 2017 WL 11113198, at *6 (M.D. Fla. Apr. 12, 2017) (citing *Atlantic Coast Line R. Co. v. Saffold*, 178 So. 288, 290 (1938)) (declining to award damages for unpaid wages under Florida common law because the plaintiff already recovered wages under the FLSA), *report and recommendation adopted*, 2017 WL 11113199 (M.D. Fla. May 8, 2017).

### iv.   *Plaintiff Has Established a Claim for Retaliation Under the FLSA (Count IV)*

The FLSA makes it unlawful for any person "to discharge . . . [an] employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. . . ." 29 U.S.C. § 215(a)(3). To state a claim for retaliation, Plaintiff must allege that : "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (citation omitted).

Plaintiff has pled sufficient factual allegations to state a claim for retaliation under the FLSA. According to the Complaint, Plaintiff complained to Defendants about unpaid wages and was immediately terminated. (Doc. 1, ¶¶ 42, 44.) Plaintiff's alleged complaints constituted protected activity under the FLSA's anti-retaliation provision. Moreover, Plaintiff suffered an adverse action by Defendants because she was terminated. Plaintiff allegation that she was immediately terminated for no legitimate reason following her complaints establishes a sufficient causal connection between Plaintiff's complaints and Defendants' actions. (Doc. 24 at 7–8.) Therefore, Plaintiff has stated a retaliation claim pursuant to the FLSA.

Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) [of the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Any damages award should "put the plaintiff in the place [she] would have been absent the employer's misconduct." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000).

The Eleventh Circuit previously determined that it is within the court's discretion whether to award liquidated damages in an FLSA retaliation case. *Moore v Appliance Direct, Inc.*, 708 F.3d 1233, 1243 (11th Cir. 2013). As explained by the *Snapp* court, "the liquidated damage[s] provision is not penal in its nature but constitutes compensation for the retention of a workman's pay[,] which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages" *Snapp*, 208 F.3d at 934. Additionally, "liquidated damages should equal net back pay." *E.E.O.C. v. White & Son Enterprises*, 881 F.2d 1006, 1013 (11th Cir. 1989).

Plaintiff attests that she was unable to find employment for 21 weeks after she was fired. (Decl., Doc. 24, ¶ 13.) She then states that her back pay amounts to $ 4,567.50 ($7.25 minimum wage x 21 weeks x 30 hours per week). (*Id.*) Based on Plaintiff's averments, I recommend that the Court find that Plaintiff is entitled to compensation on her FLSA retaliation claim in the amount of $4,567.50. Moreover, pursuant to 29 U.S.C. § 216(b), I recommend that the Court award an additional, equal amount ($4,567.50) in liquidated damages because it is difficult to estimate how much Plaintiff would have made in tips if she had remained as a server with Defendants.

      ***v.***    ***Plaintiff Does State a Claim for a Violation of Florida Statute § 68.065 (Count V)***

Under Florida law, "if payment of a check is refused by a drawee-bank for insufficient funds, a payee may bring a cause of action against the drawer for recovery of the amount of the check plus treble the amount of the check." *F&A Dairy Prods., Inc. v. Imperial Food Distribs., Inc.*, 798 So. 2d 803, 803 (Fla. 4d DCA. 2001). Similar to the FMWA, a plaintiff must provide notice at least 30 days before suing. Fla. Stat. § 68.065. The notice must be delivered "by certified or registered mail, evidenced by return receipt, or by first-class mail, evidenced by an affidavit of service of mail, to the maker or drawer of the payment instrument to the address on the instrument, to the address given by the drawer at the time the instrument was issued, or to the drawer's last known address." Fla. Stat. § 68.065(4). The notice must be as follows:

> You are hereby notified that a check, draft, order of payment, debit card order, or electronic funds transfer numbered _____ in the face amount of $_____ issued by you on (date), drawn upon (name of bank), and payable to _____, has been dishonored. Pursuant to Florida law, you have 30 days from receipt of this notice to tender payment in cash of the full amount of the dishonored payment instrument, plus a service charge of $25 if the face value does not exceed $50, $30 if the face value exceeds $50 but does not exceed $300, $40 if the face value exceeds $300, or 5 percent of the face amount of the dishonored instrument, whichever is greater, the total amount due being $_____ and _____ cents. Unless this amount is paid in full within the 30-day period, the holder of the dishonored payment instrument may file a civil action against you for three times the amount of the dishonored instrument, but in no case less than $50, in addition to the payment of the dishonored instrument plus any court costs, reasonable attorney fees, and any bank fees incurred by the payee in taking the action.

Fla. Stat. § 68.065(4) (blank spaces in original)

Here, Plaintiff alleges that, through counsel, she sent Defendants a demand for payment on December 5, 2019 via certified mail to Defendants' place of business and address on the check.

(Doc. 1, ¶ 47.) The demand included the language required by the statute (Ex. B, Doc. 1 at 1.), and Plaintiff also attached a copy of the certified mail receipt (*id.* at 2).

Here, the well-pleaded factual allegations of the Complaint, which are deemed admitted, as well as the Declaration and its exhibits, warrant the entry of default judgment. Defendants allegedly tendered a check to plaintiff for $391.62, but payment was refused due to insufficient funds. (Doc. 24 at 9.) More than 30 days before filing this suit, Plaintiff sent a written demand that included the required language as set forth in Fla. Stat. § 68.065(4). (Ex. B., Doc. 1 at 1.) Accordingly, I recommend that the Court find that Plaintiff is entitled to three times the amount of the check, which is $1,174.86, as well as $15.00 for the associated bank fees under § 68.065.

### vi. Plaintiff Has Not Established Entitlement to Attorney's Fees

In the Complaint, Plaintiff makes a claim for attorneys' fees pursuant to the FLSA, § 216(b) and the FMWA, § 448.08. (Doc. 1, ¶¶ 26, 40.) As the undersigned found that Plaintiff is entitled to default judgment on her FLSA claim and not the FMWA claim, she is entitled to recover attorney's fees for time spent litigating Counts I and IV. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). However, as neither the Complaint nor the Motion provides a basis for attorney's fees for Count V, the undersigned declines to find that an award of attorney's fees for time spent litigating Count V is appropriate. As such, I respectfully recommend that the Court award Plaintiff's attorney's fees for litigating Counts I and IV.

Notwithstanding the foregoing recommendation, the Motion does not provide any documentation supporting a fee award. (Doc. 24); *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292,

1303 (11th Cir. 1988) ) (providing that when a party makes a claim for fees, it is that party's burden to establish entitlement and to document the appropriate hours and hourly rate). Thus, at this stage, the undersigned cannot recommend an amount of attorney's fees that should be awarded to Plaintiff. Instead, I recommend that the Court grant Plaintiff 14 days from the entry of judgment to file a motion for attorney's fees. *See* Fed. R. Civ. P. 54(d)(2)(B).

## IV.     RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT IN PART** the Motion. (Doc. 24.)

2. **FIND** that Plaintiff is entitled to default judgment on Counts I, III, IV, and V.

3. **FIND** that Plaintiff is entitled to damages for Counts I, IV, and V amounting to **$11,135.36**.

4. **FIND** that Plaintiff is entitled to attorney's fees for time spent litigating Counts I and IV.

5. **ENTER** a final default judgment in favor of Plaintiff and against Defendants in the amount of $11,135.36.

6. **GRANT LEAVE** for Plaintiff to file a motion for attorney's fees within 14 days of an order adopting this report and recommendation.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 3, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties